# EXHIBIT "B"

# EXHIBIT "B-1"

Case 4:23-cv-04634   Document 1-2   Filed on 12/12/23 in TXSD   Page 3 of 15

11/14/2023 5:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 81640270
By: Adiliani Solis
Filed: 11/14/2023 5:03 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **BERTRAM JENKINS** | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| **STARSHIP TECHNOLOGIES, INC.** | § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **BERTRAM JENKINS**, complaining of Defendant, **STARSHIP TECHNOLOGIES, INC.**, for cause of action would show the following:

### I.  DISCOVERY LEVEL

1.  Pursuant to Texas Rules of Civil Procedure 190.4, this lawsuit will be conducted under Discovery Control Plan Level 3.

### II.  PARTIES

2.  Plaintiff is a resident of Harris County, Texas.

3.  Defendant, **STARSHIP TECHNOLOGIES, INC.**, corporation that may be served via its registered agent, Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, Texas, 78735.  Service is also requested via the secretary of state.

### III.  MISNOMER / ALTER EGO

4.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

### IV.  JURISDICTION

5.  The Court has jurisdiction over the Defendant because Defendant has done acts

Certified Document Number: 111344560 - Page 1 of 4

and/or omissions in Texas, and as a company purposefully availing themselves to business in Texas, is amenable to service by a Texas court.

## V. VENUE

6. Venue is proper in Harris County, Texas. Specifically, venue is allowed in Harris County because all or a substantial part of the events and/or omissions occurred in Harris County, Texas.

## VI. FACTS

7. On or about April 11, 2022, Plaintiff was traveling on Cougar Village Dr. on the University of Houston campus in Houston, Harris, County, Texas. Plaintiff was proceeding through an intersection with the right of way when a small delivery robot, owned and operated by Defendant, pulled in front of him. Plaintiff was unable to avoid making contact with the robot and as a result suffered injuries.

## VII. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

8. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard in having said robot on the road. Plaintiff hereby alleges that on the occasion in question, Defendant was guilty of numerous acts and/or omissions of negligence including, but not limited to the following:

   1. Failing to take proper measures in controlling their vehicles;

   2. Failing to yield the right of way to other vehicles;

   3. Failing to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   4. Failing to operate a motor vehicle as a person using ordinary prudent care would have done;

Certified Document Number: 111344560 - Page 2 of 4

5. Failing to maintain a clear and reasonable distance between other motor vehicles and Defendant's motor vehicle which would permit; and

6. Failing to ensure that the robot was adequate and safe to be on public road.

7. Failing to ensure that the robot followed all common traffic laws and right of ways.

All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiff's injuries and damages.

## VIII.  DAMAGES

9. As a result of the negligent conduct of Defendant, Plaintiff suffered bodily injuries and property damage. The injuries have had a serious effect on Plaintiff's health and well-being.

10. Because of the acts and/or omissions by Defendant, Plaintiff has suffered damages within the jurisdictional limits of the Court which include past and future: reasonable and necessary medical expenses, physical impairment, lost wages, physical pain and suffering, and mental anguish.

11. By reason of all the above, Plaintiff is seeking monetary relief exceeding $1,000,000.00.

## IX.  REQUIRED DISCLOSURE

12. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within fifty (30) days of Answer of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon final hearing hereof, Plaintiff has and recovers of and from Defendant for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such other and further relief, special or general, at

law or in equity, to which he may be entitled within the jurisdictional limits of this Court.

        Respectfully submitted,

        **PIERCE | SKRABANEK, PLLC**

        */s/ Jack Nugent*

        _____
        JACK NUGENT
        State Bar No. 24116840
        M. PAUL SKRABANEK
        State Bar No. 24063005
        24 Greenway Plaza, Suite 500
        Houston, Texas 77046
        Telephone: (832) 690-7000
        Facsimile: (832) 616-5576
        E-mail:     Jack@pstriallaw.com
                       Paul@pstriallaw.com
        E-service:  service@psbfirm.com

        **ATTORNEYS FOR PLAINTIFF**

        **PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

Certified Document Number: 111344560 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 12, 2023

Certified Document Number:        111344560 Total Pages:  4

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT "B-2"

12/8/2023 9:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82373024
By: Brianna Janel Denmon
Filed: 12/8/2023 9:00 AM

CAUSE NO. 2023-79405

| | | |
|---|---|---|
| BERTRAM JENKINS | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STARSHIP TECHNOLOGIES, INC. | § | |
| *Defendant.* | § | 334TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **STARSHIP TECHNOLOGIES, INC.**, hereafter referred to as Defendant, and files this Original Answer in response to the claim(s) of **BERTRAM JENKINS**, hereafter referred to as Plaintiff, and respectfully shows the Court and Jury the following:

**I.**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition, and demands strict proof thereof as required by the constitution and laws of the State of Texas.

**II.**

Pleading further, Defendant asserts that the incident made the basis of this suit and/or Plaintiff's alleged injuries were proximately caused by the sole negligence or contributory negligence and other conduct on the part of the Plaintiff, **BERTRAM JENKINS**, including failure to use ordinary care.

**III.**

Defendant pleads Chapter 33 of the Texas Civil Practice and Remedies Code, and asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, **BERTRAM JENKINS**, and accord this Defendant full benefit of said law.

This Defendant is entitled to an offset, credit or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, persons, and/or tortfeasors to Plaintiff.

**IV.**

Defendant further answers and says that if the Plaintiff has suffered or is suffering from any illness, disease, or condition which, in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition and which did not proximately result from the occurrence made the basis of this suit, then Plaintiff is not entitled to recover for those damages in connection with the incident in question.

**V.**

If Plaintiff is claiming loss of income or earning capacity, Defendant pleads the defense set forth in Tex. Civ. Prac. and Rem. Code Section 18.091, requiring Plaintiff to prove his loss of earnings and/or loss of earning capacity in the form which represents his net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to any federal income tax law.  Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages, if any, sought by the Plaintiff, is subject to federal and state income taxes.

**VI.**

Further, Defendant affirmatively seeks the protection of any statute and/or law which caps, restricts, limits or modifies the amount of monetary damages which might be awarded against it in connection with this lawsuit.

Certified Document Number: 111717932 - Page 2 of 6

**VII.**

Further, to the extent that the medical expenses and/or health care expenses exceed the amount actually paid on behalf of Plaintiff, this Defendant asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code; thus, recovery of medical and/or health care expenses by the Plaintiff are limited to the amount actually paid by or on behalf of the Plaintiff.

**VIII.**

Defendant further alleges a failure to mitigate damages on the part of the Plaintiff to the extent any of his medical treatment was not covered by a policy providing medical coverage as required by law, or if he failed to submit any or all of his medical bills to his health insurance provider. Defendant further alleges a failure to mitigate to the extent that the Plaintiff may have delayed seeking medical treatment and/or failed to comply with medical treatment, protocols and advice.

**IX.**

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides actual notice that any and all documents produced by any party involved in this case will be considered self-authenticated and may be used at any pretrial proceeding and/or at the trial of this matter.

**DESIGNATED E-SERVICE EMAIL ADDRESS**

Pursuant to TRCP, Rule 21 (f) (2) and 21 (a), the following is designated as the undersigned's **ONLY valid email address for electronic service of documents** (i.e., pleadings, motions, discovery, and notices): **EservHous@travelers.com**   Service through any other email address will be considered invalid.

All other communications which are *not* related to the service of documents should be sent to the undersigned's personal email address, reflected below.

WHEREFORE, PREMISES CONSIDERED, Defendant, **STARSHIP TECHNOLOGIES, INC.**, having answered herein, prays that Plaintiff take nothing by this suit, that Defendant be discharged without delay, that Defendant be awarded all costs of Court, and all further relief, both general and special, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**DEAS & ASSOCIATES**

/s/ J. Preston Wrotenbery

**J. PRESTON WROTENBERY**
TSB No. 22083400
**MAILING ADDRESS:**
P.O. Box 64093
St. Paul, MN  55164-0093
**PHYSICAL ADDRESS:**
4650 Westway Park Blvd., Ste. 150
Houston, Texas  77041
(281) 606-8968
(281) 606-8970 (Fax)
Personal Email: jwrotenb@travelers.com
*ESERVICE ONLY: EservHous@travelers.com
(*only use for service of pleadings and discovery)
**ATTORNEY FOR DEFENDANT,
STARSHIP TECHNOLOGIES, INC.**

## JURY DEMAND

Defendant formally requests a trial by jury and tenders payment in satisfaction of the jury fee.

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing instrument has been forwarded to all known counsel of record, or parties pro se, as listed below by either regular mail, certified mail, return receipt requested, hand delivery, facsimile and/or electronic transmission, on this the 8th day of December, 2023.

Jack Nugent  
M. Paul Skrabanek  
Pierce Skrabanek, PLLC  
24 Greenway Plaza, Ste. 500  
Houston, Texas 77046  
**ATTORNEYS FOR PLAINTIFF**

*Via E-Service: service@psbfirm.com*

_____  
**J. PRESTON WROTENBERY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ashley Kasischke on behalf of J Wrotenbery
Bar No. 22083400
akasisch@travelers.com
Envelope ID: 82373024
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer and Demand for Jury Trial
Status as of 12/8/2023 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jack Nugent | | service@psbfirm.com | 12/8/2023 9:00:26 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   December 12, 2023


Certified Document Number:        111717932 Total Pages:  6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**